# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

June 24, 2008

Roosevelt Porter
Mets & Schiro, LLP
PO Box 668
Woodridge, NJ 07470

(*Counsel for Plaintiff*)

Dominick Bratti
Fox Rothschild
75 Livingston Avenue
Roseland, NJ 07068-1761

(*Counsel for Defendants*)

    RE:    <u>Schottanes v. Borough of North Haledon</u>
             <u>Civ. No. 06-6238 (WJM)</u>

Dear Counsel:

    This letter is in response to Defendants' **MOTION FOR SUMMARY JUDGMENT** requesting dismissal of Plaintiff's claims as barred by the two-year statute of limitations. Viewing the facts most favorably to Plaintiff, all of Defendants' allegedly wrongful conduct occurred more than two years before this suit. Accordingly, the statute of limitations bars Plaintiff's claims, so Defendants' motion is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

This suit concerns a police department's allegedly improper investigation into complaints of sexual harassment committed by one of its officers against another. Plaintiff is a North Haledon police officer. In mid-2004, another officer accused Plaintiff of sexual harassment. Accordingly, Plaintiff's supervisor, Defendant Ferrantes, initiated an investigation.

Plaintiff claims this investigation was improper. Plaintiff argues that Defendant Ferrantes initiated the investigation to prevent Plaintiff from being promoted to Police Chief. Specifically, Plaintiff alleges that Defendant Ferrantes improperly appointed to lead the investigation a Lieutenant Darby, an officer with whom Plaintiff was competing for the Police Chief position.

The investigation eventually concluded without further action against Plaintiff. Although Lieutenant Darby and Defendant Ferrantes found merit in the investigation and in August 2004 referred the matter to the Borough Council, the Council disagreed, and in 2006 the Council exonerated Plaintiff.

Plaintiff then filed this suit in November 2006. Plaintiff alleges that Defendant Ferrantes and the Borough of North Haledon intentionally targeted him for this investigation to prevent him from becoming Police Chief. Plaintiff asserts claims under § 1983 and state law.

Defendants now move to dismiss Plaintiff's complaint as barred by a two-year statute of limitations. Defendants reason that all of the actions giving rise to any potential claim here occurred by August 2004 but that Plaintiff didn't file this suit until November 2006.

Defendants are correct. New Jersey's two-year statute of limitations undisputedly applies to both Plaintiff's state and federal claims. This period begins to run when a defendant's wrongful conduct is complete. Here, Defendants' wrongful conduct was complete as of August 2004 at the latest. Plaintiff fails to introduce evidence of specific wrongful conduct by Defendants after this date. Accordingly, Plaintiff's suit filed in November 2006 is barred by the two-year statute of limitations.

In summary, Plaintiff's claims are barred by the statute of limitations, so the Court dismisses them with prejudice. An Order accompanies this Letter Opinion.

s/ William J. Martini
**William J. Martini, U.S.D.J.**